**Aaron LANGE, et al., Plaintiffs,**

v.

**CONSOLIDATED RAIL CORPORA-TION, et al., Defendants.**

No. C 82–192.

United States District Court, N.D. Ohio, W.D.

Jan. 4, 1983.

See also, D.C., 575 F.Supp. 373.

Richard Shinaberry, Toledo, Ohio, for plaintiffs.

Richard Ellenberger, Toledo, Ohio, for Consol. Rail Corp.

Jack Zouhary, Toledo, Ohio, for Merrill-Lynch Relocation Management, Inc.

## MEMORANDUM AND ORDER

John W. POTTER, District Judge:

This matter is before the Court on defendants' motions to dismiss and plaintiffs' response thereto and defendants' response to plaintiffs' response. Plaintiff Aaron Lange is an employee of defendant Consolidated Rail Corporation (hereafter Conrail). The other plaintiff, Patricia Lange, is Aaron Lange's wife.

In June of 1980 defendant Conrail adopted a personnel policy, Conrail Order AD 0.11, which permitted transferred employees to use the services of defendant Merrill-Lynch Relocation Management, Inc. (hereafter Merrill-Lynch) in order to sell the transferring employees' residences. Under this policy defendant Merrill-Lynch would arrange for two independent appraisals of the transferring employee's residence to determine the fair market value of the residence. Defendant Merrill-Lynch would then offer the fair market value of the residence to the transferring employee. The employee had the option of accepting the offer or attempting to obtain a higher price by placing the house on the market for a 45 day period. If the transferring employee failed to receive a higher offer by the end of the 45 day period, the employee could still accept Merrill-Lynch's offer.

Plaintiffs allege in their complaint that on July 27, 1981 plaintiffs purchased residential property by entering into a land installment contract for a purchase price of $79,000. When plaintiffs learned that they were being transferred, they arranged with defendant Merrill-Lynch to appraise their property. On August 28, 1981 defendant Merrill-Lynch made an offer to purchase plaintiffs' property for $67,750. Plaintiffs allege that they furnished defendant Merrill-Lynch with notice of comparable properties which sold for considerably more than the amount offered by Merrill-Lynch and Merrill-Lynch refused to have the real property of plaintiffs reappraised or to permit plaintiffs to review the appraisals. Plaintiffs allege that defendants have fraudulently and intentionally breached the agreement set forth in Conrail Order AD 0.11 causing plaintiffs to have to continue making house payments of $719.01 per month. Plaintiffs also allege that they relied on Conrail Order AD 0.11 to their detriment because they would not have purchased the property if they had known that it was defendants' practice to breach the contract.

Defendants Merrill-Lynch and Samuel P. Raguso, Office Manager for Merrill-Lynch, and defendants Conrail and Stuart Reed, President of Conrail, filed motions to dismiss alleging plaintiffs' complaint failed to state a claim on which relief could be granted because Conrail Order AD 0.11 created no enforceable contract rights for plaintiffs. Defendants also argue that defendants fully complied with Conrail Order AD 0.11 and plaintiffs elected not to use this service. Defendants Conrail and Stuart Reed argue that plaintiffs' complaint fails to allege that the individually named defendants are parties to the alleged contract and that plaintiffs have failed to allege with sufficient particularity the circumstances constituting fraud as required by Fed.R.Civ.P. 9(b).

Plaintiffs contend in their response that under Ohio law plaintiffs are third party beneficiaries and are entitled to maintain an action at law on a contract made for their benefit. Plaintiffs also allege under the doctrine of equitable estoppel that defendants are precluded from denying that plaintiffs have enforceable rights under Conrail Order AD 0.11. Finally, plaintiffs dispute defendants' allegation that defendants have complied with Conrail Order AD 0.11.

The Court finds merit in plaintiffs' argument that they are third party beneficiaries to the contract between Con-

rail and Merrill-Lynch. Under this contract, however, defendants Conrail and Stuart Reed had no obligation towards plaintiffs. The obligation created by this contract rested upon defendants Merrill-Lynch and Samuel Raguso who agreed to provide relocation services to the employees of defendant Conrail. The Court, therefore, finds plaintiffs have failed to state a claim against defendants Conrail and Stuart Reed and will grant their motion to dismiss.

■ In regard to defendants Merrill-Lynch and Samuel Raguso, the Court finds their motion to dismiss is premature because questions of fact exist. Defendants Conrail and Merrill-Lynch by entering into their contract did not guarantee plaintiffs a particular price for plaintiffs' property. Plaintiffs were free to accept the amount offered by defendant Merrill-Lynch or to attempt to sell their property on their own to obtain a better price. If defendant Merrill-Lynch can prove that it fulfilled its obligation towards plaintiffs by offering plaintiffs the fair market value of their house, then this court would be obligated to find no liability towards plaintiffs on the part of defendants Merrill-Lynch and Samuel Raguso. At this stage in the proceedings, however, the Court cannot make such a finding. Therefore, defendants Merrill-Lynch's and Samuel Raguso's motion to dismiss will be denied.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that defendants Conrail's and Stuart Reed's motions to dismiss be, and it hereby is, GRANTED; and it is

FURTHER ORDERED that defendants Merrill-Lynch's and Samuel Raguso's motion to dismiss be, and it hereby is, DENIED.

See also, D.C., 575 F.Supp. 371.

