Aaron LANGE, et al., Plaintiffs,

v.

CONSOLIDATED RAIL CORPORATION, et al., Defendants.

No. C 82–192.

United States District Court, N.D. Ohio, W.D.

Oct. 11, 1983.

See also, D.C., 575 F.Supp. 371.

Richard Shinaberry, Toledo, Ohio, for plaintiffs.

Richard Ellenberger, Toledo, Ohio, for Consol. Rail Corp.

Jack Zouhary, Toledo, Ohio, for Merrill-Lynch-Relocation Management, Inc.

## OPINION AND ORDER

John W. POTTER, District Judge:

This matter is before the Court on defendants' motion for summary judgment, plaintiffs response thereto and defendants' reply. Plaintiffs brought this action against Consolidated Rail Corporation (Conrail), Stuart Reed, President of Consolidated, Merrill-Lynch-Relocation Management, Inc. (Merrill-Lynch) and Samuel Raguso, Office Manager of Merrill-Lynch. Plaintiff Aaron Lange is an employee of Conrail. Conrail has a personnel policy Conrail Order AD 0.11 which permits transferred employees of Conrail to use the services of Merrill-Lynch in order to sell the transferring employee's residence. When plaintiffs were transferred by Conrail, they used defendant Merrill-Lynch's services. Plaintiffs alleged in their complaint that defendant Merrill-Lynch fraudulently and intentionally breached Conrail Order AD 0.11 by failing to offer plaintiffs what plaintiffs believed was the fair market value of their house. In a memorandum and order filed January 4, 1983, 575 F.Supp. 371, this Court granted defendants Conrail and Stuart Reed's motion to dismiss, finding that plaintiffs had failed to state a claim against these defendants. This Court denied defendants Merrill-Lynch and Samuel Raguso's motion to dismiss by stating:

> If defendant Merrill-Lynch can prove that it fulfilled its obligation towards plaintiffs by offering plaintiffs the fair market value of their house, then this court would be obligated to find no liability towards plaintiffs on the part of defendants Merrill-Lynch and Samuel Raguso.

Defendants have moved for summary judgment on the grounds that defendant Merrill-Lynch fulfilled its obligation under Conrail Order AD 0.11 by offering plaintiffs the fair market value of their house based upon two independent appraisals, or $67,750.00. Defendants have attached the affidavits and reports of the two independent appraisers to their motion for summary judgment.

Plaintiffs have responded to defendants' motion for summary judgment by offering an appraisal which establishes the fair market value of plaintiffs' property to be $74,500.00. Plaintiffs argue that factual questions exist on the issue of whether the offer made by defendant Merrill-Lynch was the fair market value of plaintiffs' property. Therefore, according to plaintiffs, defendants are not entitled to summary judgment on this issue.

The Court finds no merit to plaintiffs' argument. As defendants point out in their reply, the contract between Merrill-Lynch and Conrail defined fair market value as the average between two appraisals. Defendants have established by way of affidavits that they offered plaintiffs the average of two appraisals. Therefore, defendants have fulfilled their obligation to plaintiffs who were third party beneficiaries to the contract between Conrail and Merrill-Lynch.

THEREFORE, for the foregoing reasons, good cause appearing, it is

ORDERED that defendants' motion for summary judgment be, and it hereby is, GRANTED.